FILED

Nov. 19, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**SEPTEMBER SESSION, 1996**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 02C01-9510-CR-00316** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. CHRIS CRAFT** |
| **WILLIE H. JOHNSON,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Burglary) |

**ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF SHELBY COUNTY**

FOR THE APPELLANT:

A. C. WHARTON
Public Defender

WALKER GWINN
Assistant Public Defender
201 Poplar Suite 2-01
Memphis, TN 38103

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General

CYRIL V. FRASER
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

JOHN W. PIEROTTI
District Attorney General

TERRELL HARRIS
Assistant District Attorney General
Third Floor, Criminal Justice Complex
201 Poplar
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# **OPINION**

This is an appeal as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. A Shelby County jury found the Defendant guilty of burglary. The trial judge found the Defendant to be a career offender and sentenced him to twelve years in the Department of Correction. In this appeal, he argues that the evidence presented at trial was insufficient to support the jury's finding of guilt beyond a reasonable doubt. We disagree and affirm the judgment of the trial court.

When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App.), perm. to appeal denied, id. (Tenn. 1987). Nor may this court reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

A jury verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). On appeal, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. Cabbage, 571 S.W.2d at 835.

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Grace, 493 S.W.2d at 476.

We will briefly summarize the evidence presented on behalf of the State. Early one Sunday morning the police responded to a burglar alarm which had been activated at a business located on Riverside Drive in downtown Memphis, Tennessee. The first officer to arrive at the building observed that a window had been broken out. The officer looked into the building through another window and saw the Defendant inside. The officer identified himself as a policeman and the Defendant ran toward the back of the building. The officer radioed for assistance and other officers responded. They secured the building and one of the owners of the building arrived and unlocked the door. An officer entered the building and, with the assistance of a police dog, located the Defendant hiding in a closet. Although the Defendant struggled with the officer, the officer was again assisted by the dog and the Defendant was restrained and placed under arrest. The owner of the business testified that numerous items had been removed from their usual location in the building and had been stacked up in such a fashion to indicate that they were going to be removed from the building. Photographs of these items and photographs of the broken window were introduced as evidence. Three police officers identified the Defendant as the person they apprehended in the burglarized building that morning.

Faced with this rather overwhelming evidence, the Defendant testified that he was walking along the street that morning when two police officers in a patrol car pulled up and asked him if he knew anything about a burglary. He said that he told the policemen that he did not and that they then pulled their guns on him and forced him, at gunpoint, to climb through the broken window to find his "partner" and to persuade his "partner" to come out of the building. He said that shortly after he entered the building the police came through the door, handcuffed him, and that a policeman then "sics the dog on me and tries to make me said that I burglarized this building with my partner and all this." He said that the only reason he entered the building was because the officers forced him to do so at gunpoint.

The Defendant argues that "no rational trier of fact could have found the Defendant's contentions so unfounded in this record or so unreasonable that it could have found him guilty of burglary beyond a reasonable doubt." We respectfully reject this argument. We believe that a rational trier of fact could have credited the testimony of the police officers and discredited the testimony of the Defendant. This is obviously what the jury did.

We conclude that the evidence is sufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt. Therefore, this appeal has no merit. The judgment of the trial court is affirmed.

                          _____

                          DAVID H. WELLES, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE


_____
JERRY L. SMITH, JUDGE